IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARIA S. CARUSO,

|  |  |
|---|---|
| Plaintiff, | OPINION AND ORDER |
| v. | 12-cv-394-wmc |

REID PAULMAN, JANE DOE, DENNIS
YANKE, JOHN DOE and
HOLLY OTT,

Defendants.

---

MARIA S. CARUSO,

|  |  |
|---|---|
| Plaintiff, | OPINION AND ORDER |
| v. | 12-cv-737-wmc |

HOLLY OTT and HER ACCOMPLICES,

Defendants.

---

MARIA S. CARUSO,

|  |  |
|---|---|
| Plaintiff, | OPINION AND ORDER |
| v. | 12-cv-738-wmc |

PUBLIC, DOCTORS and LAWYERS,

Defendants.

---

MARIA S. CARUSO,

|  |  |
|---|---|
| Plaintiff, | OPINION AND ORDER |
| v. | 12-cv-739-wmc |

CULVERS CORPORATION and
FORWARD MANAGEMENT,

Defendants.

MARIA S. CARUSO,

                      Plaintiff,                    OPINION AND ORDER

    v.

                                                      12-cv-740-wmc

CONGRESS and SENATE,

                      Defendants.

Plaintiff Maria S. Caruso has filed five lawsuits against one or more of her former landlords, as well as unspecified members of the "public, doctors and lawyers," as well as members of the United States Congress and Senate. In all five cases, Caruso requests leave to proceed without prepayment of fees or costs.  Accordingly, the court must review Caruso's proposed claims to determine if her allegations are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  For reasons set forth briefly below, the court will deny leave to proceed with respect to all of her complaints.


ALLEGATIONS

In the first complaint, No. 12-cv-394, Caruso sues Reid Paulman, who was her landlord at Forward Apartment Management. Caruso also sues Dennis Yanke, Holly Ott, John and Jane Doe.  Caruso alleges that she was evicted from her apartment on Cottage Grove Road and that Paulman "lied under [oath]" about her lease. Caruso also appears to claim that she was raped on a regular basis at that apartment by people who would break

in at night.   Caruso has supplemented the complaint in this case with additional allegations that are similar, but extremely difficult to decipher.

In the second complaint, No. 12-cv-737, Caruso sues Holly Ott and "all of her accomplices." Caruso appears to claim that Ott and "her friends" threatened to ruin Caruso's life, career and health.  Caruso adds that she was evicted from her apartment on Cottage Grove Road, her belongings were broken or lost, and her medication was taken. She does not ask for any particular form of relief.

In the third complaint, No. 12-cv-738, Caruso sues unidentified members of the public, doctors, and lawyers.  Caruso claims that she was in a car accident that "was not [her] fault." She explains that so many people cut her off in traffic that she cannot get all the license plate numbers.   Caruso claims further that "someone" took her pain medication, that she was evicted from her apartment, and that she needs psychological help.  She wants "to fight in court . . . to prove that [she is] not a mental case."

In the fourth complaint, No. 12-cv-739, Caruso sues Culvers Corporation and Forward Apartment Management.  Caruso appears to claim that she was rudely treated when an unidentified woman stole Caruso's cane at a Culver's restaurant.  In that same complaint, Caruso alleges that she was evicted from her apartment because she had an abortion.  As relief, Caruso argues that "bullying" should be unconstitutional and that "bullies" should be penalized.

In the fifth complaint, No. 12-cv-740, Caruso asks members of the United States Congress and Senate to put a stop to sexual assaults, rapes, stalking, and alcohol abuse. Caruso seeks relief in the form of tougher laws and programs that will keep offenders "off

3

the streets." The rest of the complaint, however, features rambling allegations about the virtue of having a good breakfast and the stigma associated with having an abortion.

## OPINION

In reviewing a *pro se* litigant's complaint, the court must read the pleadings generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under the most liberal interpretation, Caruso's pleadings do not allege comprehensible facts or state a cognizable claim *under federal law*. A district court must dismiss a complaint for lack of subject matter jurisdiction if the claims stated are "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (citing *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)). Other than making reference to the Congress and Senate, her allegations do not reference injury at the hands of a federal actor; nor does she allege the violation of any federal law. Because the pleadings articulate no valid basis for federal jurisdiction, the court concludes that these cases must be dismissed.

Alternatively, to the extent that any of Caruso's allegations could be construed to assert a constitutional violation, the pleadings are disjointed, incoherent and barely decipherable. As such, her allegations appear to have no arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (A complaint may be dismissed as frivolous when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible."). For this additional reason, Caruso's claims are subject to

4

dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(b)(1).

## ORDER

IT IS ORDERED that:

1) The above-captioned cases filed by Maria S. Caruso are DISMISSED for lack of subject matter jurisdiction.

2) Alternatively, the above-captioned cases are DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(b)(1).

Entered this _10th_ day of January, 2013.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

5